# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

Docket No. 25-11469

FLORIDA IMMIGRANT COALITION, ET AL,

*Plaintiffs – Appellees,*

v.

JAMES UTHMEIER, ET AL,

*Defendants – Appellants.*

**On Appeal from**
United States District Court for the Southern District of Florida,
Nos. 1:25-cv-21524-KMW

**PLAINTIFFS-APPELLEES' RESPONSE TO
MOTION TO EXPEDITE**

Omar Jadwat
Grace Choi
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
ojadwat@aclu.org
gchoi@aclu.org

Cody Wofsy
Spencer Amdur
Hannah Steinberg
Oscar Sarabia Roman
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
cwofsy@aclu.org
samdur@aclu.org
hsteinberg@aclu.org
osarabia@aclu.org

Paul R. Chavez
Evelyn Wiese
Christina Isabel LaRocca
AMERICANS FOR IMMIGRANT
JUSTICE
6355 NW 36 Street, Suite 309
Miami, FL 33166
T: (305) 576-6273
pchavez@aijustice.org
ewiese@aijustice.org
clarocca@aijustice.org

Miriam Haskell
Alana Greer
Will Mann
COMMUNITY JUSTICE PROJECT,
INC.
3000 Biscayne Blvd., Suite 106
Miami, FL 33137
T: (305) 907-7697
miriam@communityjusticeproject.com
alana@communityjusticeproject.com
will@communityjusticeproject.com

Amy Godshall
Amien Kacou
Daniel B. Tilley
ACLU FOUNDATION OF
FLORIDA, INC.
4343 West Flagler Street, Suite 400
Miami, FL 33134
T: (786) 363-2700
agodshall@aclufl.org
akacou@aclufl.org
dtilley@aclufl.org

*Counsel for Plaintiffs-Appellees*

*Florida Immigrant Coalition v. Uthmeier*, No. 25-11469

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, Plaintiffs-Appellees add the following persons or entities, which were omitted from Defendants-Appellants' CIP:

1. Haskell, Miriam F.
2. Mann, William C.
3. Ward, Dennis

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

Dated: May 14, 2025

/s/ Cody Wofsy
Cody Wofsy
American Civil Liberties Union Foundation

*Attorney for Plaintiffs–Appellees*

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

BACKGROUND ............................................................................................................... 2

ARGUMENT ..................................................................................................................... 5

## INTRODUCTION

On May 7, 2025, Defendants-Appellants filed a motion for a stay pending appeal without seeking any alteration to the ordinary timeline for briefing and deciding such motions. ECF No. 6. On May 12, Defendants filed a second motion, seeking to expedite both consideration of the motion and the appeal. ECF No. 12 ("Mot."). They cited no changed circumstances since the filing of their initial motion, and did not seek Plaintiffs-Appellees' position on expedition.

Defendants have not established any exigency that would warrant expedited consideration. Defendants argue for expedited treatment because of the "gravity of the issues" presented in this case, Mot. 5, but important issues are considered on a standard schedule all the time. And Defendants cannot point to any practical reason to expedite proceedings here, where border crossing numbers have dropped precipitously and Defendants agree with the current federal Administration's immigration policy.

Defendants' motion seems to be primarily addressed to pending show-cause proceedings in district court. But the order to show cause below also does not offer a reason to expedite this appeal. That proceeding, which is at the earliest stages, is primarily concerned with whether the Florida Attorney General encouraged police to violate the district court's temporary restraining order—a retrospective question

1

that is simply not presented here, as it has little to do with the ultimate validity of the temporary restraining order.

Nevertheless, Plaintiffs have no opposition to filing their response to the stay motion by May 16, as Defendants request. As to the balance of Defendants' requests—for an expedited decision on the stay request, and an expedited briefing and argument schedule on the merits of the appeal—Plaintiffs take no position and defer to the Court's schedule and discretion.

## BACKGROUND

This suit is a challenge to a state immigration law, Florida S.B. 4C. Applying this Court's and the Supreme Court's precedents, and joining every other court to have considered related state laws, the district court held the statute preempted by federal law. ECF No. 67 at 13-25, *Florida Immigrant Coal. v. Uthmeier*, No. 25-cv-21524 (S.D. Fla. Apr. 29, 2025); *see also United States v. Texas*, 97 F.4th 268, 294 (5th Cir. 2024); *United States v. Iowa*, 126 F.4th 1334, 1352-53 (8th Cir.), *vacated as moot*, 2025 WL 1140834 (8th Cir. Apr. 15, 2025); *United States v. Oklahoma*, 739 F. Supp. 3d 985, 1002-04 (W.D. Okla. 2024); *Idaho Org. of Res. Councils v. Labrador*, No. 1:25-CV-00178-AKB, --- F. Supp. 3d ---, 2025 WL 1237305, at *13 (D. Idaho Apr. 29, 2025).

Defendants in this case are the Attorney General, statewide prosecutor, and the state attorney for each district in the State. The district court additionally applied

2

the initial temporary restraining order ("TRO") to Defendants' "officers, agents, employees, attorneys, and any person who [is] in active concert or participation with them." ECF No. 28 at 14, No. 25-cv-21524. When it became clear that law enforcement officers were making arrests despite the TRO, the district court expressly clarified that:

> The TRO shall be interpreted to include among those "who are in active concert or participation with" Defendants or their officers, agents, employees, or attorneys, and thus prohibited from enforcing SB 4-C, the following: any officer or other personnel within any municipal or county police department within Florida, the Florida Department of Law Enforcement, or the Florida Highway Patrol, and any other law enforcement officer with power to enforce SB 4-C.

ECF No. 49 at 1, No. 25-cv-21524. The Court further directed Defendants to provide notice of the TRO to all such persons. *Id.* at 2.

Attorney General Uthmeier responded to the clarified TRO by issuing a letter to all Florida law enforcement on April 18 noting "'that all Florida law enforcement agencies at present must refrain from enforcing' S.B. 4-C." ECF No. 67 at 40 n.25, No. 25-cv-21524 (quoting ECF No. 57-2 at 2, No. 25-cv-21524). The letter underscored, however, the Attorney General's "disagreement" with the district court's application of the TRO to law enforcement and his intention to challenge that scope of the injunction. ECF No. 57-2 at 2, No. 25-cv-21524.

3

The matter might have ended there. Instead, Attorney General Uthmeier issued a second letter on April 23. He reiterated his disagreement with the district court, and then added:

> Judge Williams ordered my office to notify you of the evolving scope of her order, and I did so. But I cannot prevent you from enforcing [S.B. 4C], where there remains no judicial order that properly restrains you from doing so. As set forth in the brief my office filed today, it is my view that no lawful, legitimate order currently impedes your agencies from continuing to enforce [S.B. 4C].

ECF No. 57-1 at 2, No. 25-cv-21524.

As part of its consideration of Plaintiffs' motion for a preliminary injunction, the district court then heard arguments about whether the injunction should extend to law enforcement. During that hearing, the court noted its view that the Attorney General's second letter was "inviting violations" of the TRO. ECF No. 71 at 26-28, No. 25-cv-21524. Defendants stated that they understood the April 23 letter to merely "set[] out the attorney general's litigating position," but acknowledged that "until overruled, [the court's] injunctions are binding on everybody that the Court has said is encompassed by the scope." *Id*. at 25-26. In response, the Court explained that "if indeed this is a miscommunication that can be remedied," the need for proceedings to assess possible sanctions or contempt might not be necessary. *Id*. at 42. During that hearing, and after conferring during a recess, Defendants stated that they would not issue any clarification to law enforcement to eliminate the apparent invitation of arrests. The court therefore set a show-cause briefing

4

schedule, while again inviting defendants to alert the court if they "find [their] way to a clarification of what is apparently a miscommunication or a misapprehension." *Id*. at 43. No such clarification has been issued.

In the meantime, Defendants filed a motion to stay the injunction pending appeal, and the instant motion to expedite consideration of that motion as well as briefing and argument on the merits of the appeal.

**ARGUMENT**

Defendants assert that expedited consideration is warranted by immigration policy considerations and the pending show-cause proceedings. Both arguments lack merit.

First, Defendants argue for expedited treatment of this appeal because of the "gravity of the issues" presented in this case. Mot. 5. But important issues are considered on ordinary litigation schedules all the time. And Defendants cannot point to any practical reason to expedite proceedings here.

Defendants lean heavily on general statistics about border entries in recent years. Mot. 6. Yet they neglect to mention that border crossings have plummeted, with the White House touting a "a 95% decrease from 2024." The White House, *ICYMI: Illegal Border Crossings Hit New Record Low in March* (Apr. 1, 2025), https://perma.cc/2RHY-HZLH. And while Defendants had many disagreements with the prior federal Administration regarding immigration policy, they apparently

5

endorse the current Administration's efforts—further undercutting the supposed emergency need for a parallel state immigration system. *See, e.g.*, Florida's News, https://perma.cc/ZR3U-UXHG (Attorney General Uthmeier stating that he refuses "to direct law enforcement to stand down on enforcing the Trump agenda").

In any event, as Plaintiffs will explain more fully in their opposition to Defendants' stay motion, S.B. 4C is preempted by federal law. Indeed, every court to have considered such laws has reached this same conclusion. *See supra*. Thus, Florida has no legitimate interest in enforcing the statute. *See United States v. Alabama*, 691 F.3d 1269, 1301 (11th Cir. 2012) ("[W]e discern no harm from the state's nonenforcement of invalid legislation."); *id*. ("Frustration of federal statutes and prerogatives are not in the public interest . . . ."). Defendants offer no reason to believe their desire for greater state control over immigration matters warrants this Court's expedited consideration.

Finally, Defendants offer even less justification for any urgent need to address the scope of the injunction. The district court certified a statewide class and enjoined every prosecutor in the State, and neither of those decisions is disputed. *But see* Mot. 8-9 (addressing inapposite "universal injunctions" which provide relief to non-plaintiffs). The court took the further step of making clear that *arrests* based on a preempted criminal statute, by agencies that work with the Defendants to enforce criminal laws, are likewise preempted and prohibited. Defendants offer no reason

why police should be permitted to make arrests for a crime that cannot be prosecuted—much less a reason that might justify expedited consideration.

Second, the apparent basis for Defendants' motion is a desire to "obviate" or "avert" the pending show-cause proceedings in district court in advance of the upcoming hearing to consider possible sanctions or contempt. Mot. 9-10. Indeed, Defendants have sought a ruling on the stay motion "by the end of the day on May 28, 2025," the day before the show-cause hearing. *Id*. at 14. This effort is misguided, as possible sanctions or contempt below are independent of the issues pending before this Court.

At issue in the show-cause proceeding is whether Attorney General Uthmeier "should not be held in contempt or sanctioned for violating this Court's TRO . . . through sending his April 23, 2025 letter to law enforcement agencies." ECF No. 67 at 48, No. 25-cv-21524. Those proceedings are at their earliest stage—the parties are briefing the question, and the Court will hold a hearing on May 29. *Id*. at 48-49.

It is clear from the earlier preliminary injunction hearing and order to show cause, however, that the court's primary concern is that the Attorney General may have *invited* police to make arrests in direct violation of the district court's order expressly prohibiting such arrests. ECF No. 71 at 26-28, No. 25-cv-21524. At that hearing, Defendants did not dispute that the district court's TRO was binding on police, but instead simply contested what the Attorney General's second letter

7

meant. *Id*. at 25-26. In response, the court invited the Attorney General to issue a "clarification" of what Defendants apparently viewed as a "miscommunication or a misapprehension." *Id*. at 43. But he has declined to do so.

Defendants spill a great deal of ink about whether the Attorney General had authority to "order" police not to make arrests, or whether the district court could enjoin him from "giving his opinion" about the court's order. Mot. 11-12. But the court did not order him to exercise his own authority over law enforcement, and it did not prohibit him from stating his disagreement with the court's order:

> I didn't understand what needed to be cleared up because it was abundantly evident in the first letter that the attorney general did not agree. Fine. . . . I am not offended by someone telling others they don't agree with what I'm doing. What I am offended by and what I do find problematic is someone *suggesting you don't have to follow that order*.

ECF No. 71 at 29, No. 25-cv-21524. That is, the core question is whether the Attorney General encouraged police to violate the clear terms of the court's order—not whether the court's order was valid.

Indeed, even if this Court were to reverse the district court's judgment on the scope of the injunction, that would not eliminate the basis for the show-cause order because Defendants were indisputably bound by the court's order whether it was proper or not. "It is well established that an order duly issued by a court having subject-matter jurisdiction over a case or controversy before it, and personal jurisdiction over the parties to that case or controversy, must be obeyed, regardless

8

of the ultimate validity of the order." *In re Novak*, 932 F.2d 1397, 1400 (11th Cir. 1991). Defendants have never actually contested this principle—and the district court's clear concern is that the Attorney General's letter violated it by encouraging arrests contrary to the district court's order.

Defendants suggest that the only possible consequence the district court could provide would be prospective civil contempt, such that a stay of the injunction would obviate any question of contempt or sanctions. Mot. 10. But the district court has not even received briefing on, much less decided, what form any contempt or sanctions might take. And for this kind of retrospective violation, criminal contempt or sanctions might end up being appropriate. *See* ECF No. 67 at 48, No. 25-cv-21524 (suggesting Attorney General's violation was "sending his April 23, 2025 letter"). Regardless, the district court is still investigating whether her TRO was violated and what sanctions or contempt might be appropriate. Many procedural options remain. *See, e.g.*, *J.G.G. v. Trump*, No. 25-cv-766, 2025 WL 1119481, at *19 (D.D.C. Apr. 16, 2025) (finding probable cause of criminal contempt as part of ongoing investigation). Defendants' apparent desire to halt this process and prevent the district court from even investigating possible violations of its orders is inappropriate.

In any event, none of these questions about contempt or sanctions are properly before *this* Court today. And nothing in Defendants' motion establishes that a

9

decision on the pending motion for a stay, or even the merits of the appeal, will or should resolve the separate question of whether the Attorney General invited police to violate a clear judicial order.

Nevertheless, as noted above, Plaintiffs have no objection to filing their opposition to the stay motion by May 16. Nor do they oppose whatever schedule the Court may find appropriate for resolving that stay motion, briefing the merits, and oral argument. For the reasons explained above, Defendants have offered no persuasive reason to expedite proceedings, but Plaintiffs are prepared to proceed on any schedule the Court deems fit.

Dated: May 14, 2025           Respectfully Submitted

/s/ Cody Wofsy

| | |
|---|---|
| Omar Jadwat | Cody Wofsy |
| Grace Choi | Spencer Amdur |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT | Hannah Steinberg |
| | Oscar Sarabia Roman |
| | AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT |
| 125 Broad St., 18th Floor | |
| New York, NY 10004 | |
| T: (212) 549-2660 | 425 California Street, Suite 700 |
| ojadwat@aclu.org | San Francisco, CA 94104 |
| gchoi@aclu.org | T: (415) 343-0770 |
| | cwofsy@aclu.org |
| Paul R. Chavez | samdur@aclu.org |
| Evelyn Wiese | hsteinberg@aclu.org |
| Christina Isabel LaRocca | osarabia@aclu.org |
| AMERICANS FOR IMMIGRANT JUSTICE | |
| | Amy Godshall |
| 6355 NW 36 Street, Suite 309 | Amien Kacou |
| Miami, FL 33166 | Daniel B. Tilley |
| T: (305) 576-6273 | |

pchavez@aijustice.org
ewiese@aijustice.org
clarocca@aijustice.org

Miriam Haskell
Alana Greer
Will Mann
COMMUNITY JUSTICE PROJECT, INC.
3000 Biscayne Blvd., Suite 106
Miami, FL 33137
T: (305) 907-7697
miriam@communityjusticeproject.com
alana@communityjusticeproject.com
will@communityjusticeproject.com

ACLU FOUNDATION OF FLORIDA, INC.
4343 West Flagler Street, Suite 400
Miami, FL 33134
R: (786) 363-2700
agodshall@aclufl.org
akacou@aclufl.org
dtilley@aclufl.org

*Counsel for Plaintiffs-Appellees*

# CERTIFICATE OF COMPLIANCE

1.  This document complies with Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2266 words.

2.  This document complies with the typeface and type-style requirements of Fed. R. App. P 27, Fed. R. App. P. 32(a)(5), and Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Cody Wofsy*
Cody Wofsy

# CERIFICATE OF SERVICE

I certify that, on May 14, 2025, a true and correct copy of this document was transmitted to the Clerk of the United States Court of Appeals for the Eleventh Circuit via the Court's CM/ECF document filing system, which will send a notice of docketing activity to all parties who are registered through CM/ECF.

*/s/ Cody Wofsy*
Cody Wofsy