**Cody Wofsy**
Deputy Director
Immigrants' Rights Project
ACLU National Legal Department

September 16, 2025

David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

      Re:    *Florida Immigrant Coalition v. Uthmeier*, No. 25-11469
              Rule 28(j) Notice re: Defendant Uthmeier's Guidance Memorandum

Dear Mr. Smith:

      Pursuant to Rule 28(j), Plaintiffs-Appellees write to inform the Court of Defendant Attorney General Uthmeier's September 15, 2025 guidance memorandum addressing arrests under a Florida firearms statute. A copy of the memorandum is attached.

      Attorney General Uthmeier noted that in *McDaniels v. State* the Florida First District Court of Appeal struck down Florida's ban on openly carrying a firearm. Memorandum at 1. He stated that this decision was "binding on all Florida's trial courts," even though there was still a possibility the Court of Appeal might rehear the issue. *Id.* at 1 & n.1.

      Importantly for the instant case, Attorney General Uthmeier went on: "Because no Florida court will any longer be empowered to convict a defendant for violating [the open carry ban], prudence counsels that prosecutors and law enforcement personnel should likewise refrain from arresting or prosecuting" violations of the ban. *Id.* at 1-2.

      In this case, the district court enjoined all prosecutions of Florida S.B. 4-C, so it is necessarily true that while that injunction remains in place "no Florida court will



any longer be empowered to convict a defendant for violating" S.B. 4-C. *Id*. As Plaintiffs-Appellees have explained, it was thus logical and proper for the district court to also enjoin all arrests under the law. Appellees' Br. 47. Yet here—unlike in the *McDaniel* memorandum—Attorney General Uthmeier contests that commonsense conclusion. Appellants' Br. 48. Indeed, rather than advising that police should "refrain from arresting" for a crime that cannot be prosecuted, Memorandum at 2, he encouraged police to make such arrests in violation of the district court's order, Appellees' Br. 7-8, 41.

        Sincerely,

        */s/ Cody Wofsy*
        Cody Wofsy
        Deputy Director
        Immigrants' Rights Project
        American Civil Liberties Union

## CERTIFICATE OF COMPLIANCE

    I hereby certify that the foregoing letter complies within the type-volume limitations of Fed. R. App. P. 28(j) because the body contains 267 words. This letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because this letter was prepared in a proportionally spaced typeface using Word 14-point Times New Roman.

## CERTIFICATE OF SERVICE

    I hereby certify that on September 16, 2025, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system.

Dated: September 16, 2025                                                   */s/ Cody Wofsy*
                                                                                             Cody Wofsy



**JAMES UTHMEIER**
**ATTORNEY GENERAL**
**STATE OF FLORIDA**

OFFICE OF THE ATTORNEY GENERAL
James Uthmeier, *Attorney General*

PL-01 The Capitol
Tallahassee, FL 32399-1050
Phone (850) 414-3300
Fax (850) 487-0168
*myfloridalegal.com*

## GUIDANCE MEMORANDUM

**To**: Florida's Law Enforcement Agencies and Prosecuting Authorities
**From**: Florida Attorney General
**Re**: Florida's Open Carry Laws following *McDaniels v. State*
**Date**: September 15, 2025

We write to provide guidance on an important development last week in Florida's appellate courts affecting the right to bear arms. In *McDaniels v. State*, the First District Court of Appeal struck down Florida's ban on open carry (Section 790.053, Florida Statutes), finding that "law-abiding, adult citizens" have a right to carry "firearm[s] openly in public" under the Second Amendment. Op. 1. The court's decision is attached.

The defendant in *McDaniels* carried a sidearm in a holster tucked in his pants, but the gun was uncovered and visible. Op. 2. Importantly, he was a law-abiding citizen and did not "threaten[]" or otherwise menace "anyone" with the gun. *Id.* His actions were peaceful and orderly. *Id.* When authorities charged him with violating Section 790.053, he moved to dismiss, asserting that the law is incompatible with the Second Amendment. The trial court rejected that argument, but the First District reversed. It held that Section 790.053 violates the Second Amendment under *NYSRPA v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 681 (2024) because it is inconsistent with the "Nation's historical tradition of firearm regulation." Op. 11-12. The court concluded that "open carry was the default mode of bearing arms" during the relevant founding period. Op. 16. We believe the *McDaniels* decision correctly applied Second Amendment law as enunciated in *Bruen*.

Because no other appellate court has considered the constitutionality of Section 790.053 under *Bruen* and *Rahimi*, the First District's decision is binding on all Florida's trial courts. *See Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992). Effectively, the *McDaniels* decision is now the law of the State.[1] Because no Florida court will any longer be empowered to convict a

---

[1] "[F]inality of an appellate opinion and its effective date are distinct concepts and the effective date of an appellate decision is the date appearing on the face of the decision, even though most decisions do not become final until after the time has expired for filing a motion for rehearing." *See Kraay v. State*, 148 So. 3d 789, 790 n.1 (Fla. 1st Dist. Ct. App. 2014) (cleaned up). This office will not file any post-decision motion authorized by rule. Fla. R. App. P. 9.330. The judges of the First District Court of Appeal may, however, call for en banc rehearing by Thursday, September 25. Fla. R. App. P. 9.331.

defendant for violating Section 790.053(1), prudence counsels that prosecutors and law enforcement personnel should likewise refrain from arresting or prosecuting law-abiding citizens carrying a firearm in a manner that is visible to others. Similarly, consistent with this decision, my office moving forward will no longer defend convictions and prosecutions under Section 790.053(1) in cases like Mr. McDaniels'.

The *McDaniels* decision does not, however, prevent law enforcement from continuing to police those who "exhibit [firearms] in a rude, careless, angry, or threatening manner" in public. § 790.10, Fla. Stat. And nothing in the decision permits individuals to menace others with firearms in public, nor does it undermine the State's authority to prohibit felons from possessing firearms.

Additionally, the Court's decision neither considered nor implicated Florida's law listing certain locations where the carrying of a firearm—open or concealed—may be unauthorized. *See* § 790.06(12)(a), Fla. Stat. The same holds true for private property owners, who maintain the long-standing legal prerogative to compel individuals carrying firearms to leave their premises. Any person carrying a firearm who violates the private property owner's warning to depart will be committing armed trespass, a third-degree felony. *See* § 810.08(2)(c), Fla. Stat.

Sincerely,

James Uthmeier
Attorney General